# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| BRANDON M. EVANS, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) FILE NO._____ |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| EVOLUTION FINANCE, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Brandon M. Evans, by counsel, and hereby files his Complaint ("Complaint") against Defendant Evolution Finance, Inc. ("Defendant"), as follows:

## INTRODUCTION

1.

This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA").

2.

Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to apply for numerous accounts in his name and without his knowledge or consent.

3.

Plaintiff is a "consumer" and Defendant is a "person" as those terms are defined, or otherwise used, by the FCRA. Defendant is also a "user" of consumer reports as that term is used in the FCRA. Defendant offers a service to consumers known as WalletHub ("WalletHub"). Defendant owns and controls WalletHub.

4.

As set forth below, Defendant requested and obtained Plaintiff's consumer reports from one of the national credit bureaus, TransUnion LLC ("TransUnion"), on at least two occasions without a permissible purpose under the FCRA (the "Impermissible Inquiries").  Upon information and belief, Defendant has a business relationship with TransUnion whereby Defendant regularly requests and obtains consumer reports from TransUnion.

5.

As a result of Defendant's wrongful access to Plaintiff's consumer reports as described herein, Plaintiff has suffered damages as set forth below.

6.

Plaintiff suffered concrete harm as a result of Defendant's repeated violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

7.

At all times material to this action, Plaintiff was a resident of Ohio.  He is a a math teacher.  He has a Bachelor's Degree in Secondary Mathematics and a Master's Degree in Educational Technology.

8.

At all times material to this action, Defendant was a foreign corporation with its principal place of business in Florida.  Defendant does business in Ohio and Florida.

9.

Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Odysseas Papadimitrou, 335 S. Biscayne Boulevard, #1009, Miami, FL 33131.

10.

The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

11.

Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

12.

Defendant is subject to the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

13.

Plaintiff lives and works in Munroe Falls, Ohio.

14.

The specific Impermissible Inquiries included, at least, the following dates on which Defendant requested and obtained Plaintiff's consumer report from TransUnion: 09/09/2022 and 12/07/2023.

15.

At the times Defendant requested and obtained Plaintiff's consumer reports for the Impermissible Inquiries, Plaintiff (a) had not applied for credit with Defendant nor initiated any credit or business transaction involving Defendant; (b) had not applied for employment with Defendant; (c) had not applied for insurance with Defendant; (d) had not authorized Defendant to

request and obtain his consumer reports for any reason; (e) did not have any open and/or closed accounts with Defendant; and (f) did not thereafter receive any firm offers of credit from Defendant. Plaintiff has never applied for the WalletHub service nor authorized Defendant to request and obtain his credit reports for use with the WalletHub service.

16.

As a result of Defendant's wrongful conduct described above, Plaintiff experienced (and continues to experience) emotional distress and worry over what Defendant has done with his private information and which of Defendant's employees have had access to it; invasion of his privacy because Defendant was not authorized to review Plaintiff's private consumer reports and account information; anger that Defendant requested and obtained his consumer reports when he obviously did not have an account with Defendant; concern that Defendant is making his consumer reports and private information available to an identity thief that is using a different mailing address and email address than those belonging to Plaintiff; and, the time and effort required to review his credit files to identify Defendant's impermissible access to his credit reports.

17.

As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him.

## COUNT ONE:
### Defendant's Negligent Violations of the FCRA

18.

Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

19.

Defendant negligently violated the FCRA by requesting and obtaining his consumer reports without a permissible purpose set forth in Section 1681b of the FCRA.

20.

As a result of Defendant's violations of the FCRA, Plaintiff has been damaged as set forth above.

21.

Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the Court.

22.

Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for his reasonable attorneys' fees and costs.

## COUNT TWO:
### Defendant's Willful Violations of the FCRA

23.

Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

24.

Defendant willfully violated the FCRA by recklessly requesting and obtaining his consumer reports without a permissible purpose set forth in Section 1681b of the FCRA.

25.

As a result of Defendant's willful violations of the FCRA, Plaintiff has been damaged as set forth above.

26.

Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the jury.

27.

Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for statutory and punitive damages as a result of its willful violations of the FCRA.

28.

Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, that he have a trial by jury, and all other relief deemed just, equitable, and proper by the Court.

**TRIAL BY JURY IS DEMANDED.**

Dated: January 8, 2024.

>                               Respectfully submitted,
>
>                               */s/ Seth Lehrman*
>                               Seth Lehrman
>                               FL Bar No. 132896
>                               LEHRMAN LAW
>                               Attorneys for Plaintiff
>                               951 Yamato Road, Suite 285
>                               Boca Raton, FL 33431
>                               TEL: (954) 323-2066
>                               E-mail: seth@lehrmanlaw.com
>
>                               */s/John A. Love*
>                               John A. Love
>                               Fl. Bar No. 67224

                LOVE CONSUMER LAW
                2500 Northwinds Parkway
                Suite 330
                Alpharetta, GA  30009
                404.855.3600
                tlove@loveconsumerlaw.com

                COUNSEL FOR PLAINTIFF